PHILIP GOLDBERG, Respondent *v.* THE NEW YORK CEN-
TRAL AND HUDSON RIVER RAILROAD COMPANY, Appel-
lant.

*Court of Appeals, April 12, 1892.*

1. *Negligence.   Railroads.*—A rule prohibiting trains from approaching
stations, when other trains are discharging their passengers, has no
application when both trains are moving.
2. *Same.*—The evidence, in this case, was held not to show any negligence
on the part of the defendant, so that the submission of such question
to the jury, was error.

Appeal from judgment of the supreme court, general term,
second department, affirming judgment in favor of plaintiff,
entered on verdict of jury.

*Hamilton Harris*, for appellant.

*William Riley*, for respondent.

ANDREWS, J.—We are unable to find any evidence in the
case justifying a finding of negligence on the part of the de-
fendant.   The south bound train which struck the plaintiff
approached the station under full control, with the bell ring-
ing, and moving according to the undisputed evidence at a
speed not exceeding two or three miles an hour.   The north
bound train, from which the plaintiff had alighted, had started
from the station before the trains met after discharging and
receiving its passengers, and the engines of the two trains
passed each other at least 100 feet north of the point of the
accident.   Rule 110 prohibits trains from approaching stations
when other trains are discharging their passengers.   This

rule was not violated by the engineer of the south bound train. This rule has no application when both trains are moving.

Neither the engineer nor the fireman of the south bound train saw the plaintiff. If as the plaintiff claims he could not see the south bound train by reason of the steam from the engine of the north bound train obstructing his vision, there can be no inference that the engineer and fireman of the south bound train saw or could have seen the plaintiff. The train on which the plaintiff had taken passage ran on the east of the three tracks, the one nearest the station. Instead of alighting on the east side where the station and platform were, he, for his own convenience, to reach the dock on the river alighted on the west side, and to reach the dock was obliged to pass over two tracks between that point and the river, and was struck by the engine of the train on the west track. The trainmen were instructed to require passengers arriving at the station to leave the train on the east side. But passengers sometimes got off on the west side. It was shown that the employees of the company were accustomed to prevent their doing so when they observed passengers attempting to get off on that side.

The jury have found that the plaintiff was free from contributory negligence against what seems to be the great preponderance of evidence. But conceding that there was a question for the jury, we think the judgment should be reversed for want of any proof of the defendant's negligence. The trainmen violated no rule. They were not in fault for not seeing the plaintiff, as must be assumed upon the plaintiff's own theory of the situation. The great probability is that the plaintiff attempted to run across the tracks in advance of the train or blindly proceeded without looking. But on his own version of the circumstances, taken in connection with the uncontradicted facts as to the management of the south bound train, the plaintiff did not make out a cause of action.

The judgment should be reversed and a new trial granted.
Judgment reversed and new trial granted, costs to abide
event.

All concur.